JUDGE ROBERTSON
delivered the opinion oe the court:
The appellee sued the appellants by a petition ordinary, alleging that the appellants, having by contract with the Federal Government undertaken to supply cross-ties and other timbers for a railroad, employed him to assist them and furnish one third of the wagons for hauling the ties and other timbers, and with one third of the tools, camp equipage, &c., necessary for completing the work, and agreed to pay him one third of the profits of the job, and also of the sale of goods of the appellants while the work was progressing; and averring that all the work had been finished; that one third of the profits of the work amounted to a specified sum; that one third of the profits on the sale of goods amounted to another specified sum; and that the appellee’s third of the wagons, tools, &c., had been sold by the appellants, and was worth another specified sum.
The appellants not answering, the circuit court, without a jury, rendered judgment for the aggregate amount so alleged to be due the appellee.
The petition does not, as urged by the counsel of the appellants, show that the appellants and the appellee were partners, but only that the appellants, as partners, employed the appellee to help them in the work they had undertaken, and that his compensation should be measured by the profits; therefore, admitting that, if he had been a co-partner, he could not maintain a common law action without a settlement and a promise to pay an ascertained balance, yet, not .being a partner, the appellee’s petition may be maintained on the alleged contract.
But the implied confession of the allegations of the petition did not authorize the judgment as rendered, and which, therefore, was erroneous, for the following reasons :
*191 1. Although the alleged sale of the wagons, &c., may be deemed a conversion for which the appellants are liable to the appellee, either to the extent of the value of his interest or of the price for which they were sold, yet the record shows no proof either of .the price or the value; and, as failing to answer did not admit the alleged value, the circuit judge does not appear to have been authorized to adjudge that amount.
2. There is no allegation that the profits had been collected by the appellants; and until received by them, or except so far as received by them, the contract, as described,-was not broken by non-payment to the appellee of his third. The liability of the appellants to this action was not admitted by their failure to answer the petition, which made no allegation of a fact indispensable to the maintenance of the action.
Wherefoije, the judgment is reversed, and the cause remanded for further proceedings. •