CASE 42—PETITION ORDINARY—SEPTEMBER 16.

# Dehoney vs. Sandford.

APPEAL FROM SCOTT CIRCUIT COURT.

A judgment for the value of a watch and a note, by default, in the court below, will not be reversed by the court of appeals upon the alleged ground that no proof was heard in the court below, when a deposition is copied in the record and the judgment itself recites *that the cause was heard;* but the court will assume that the necessary proof was heard.

DUVALL, For Appellant,

CITED—

3 *Metcalfe,* 196.
15 *B. Mon.,* 628.
14 *B. Mon.,* 394.
18 *B. Mon.,* 60.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

It is alleged, substantially, in the petition, that, upon a settlement, appellant was indebted to appellee in the sum of five hundred and fifteen dollars and forty-nine cents, which his agent promised he would pay " on sight," and would deliver to him a gold watch and chain worth one hundred and fifty dollars, and a note on J. G. Strobell for one hundred and seventy-five dollars ; which sum of money appellant did not pay to him on sight, nor did he deliver the watch and chain and note on Strobell, and still failed and refused to perform, his promises and undertakings as aforesaid. Wherefore, he prays judgment, &c.

A summons was executed on appellant in June, 1861, and at the November term, 1862, judgment was rendered against him for the five hundred and fifteen dollars and forty-nine cents, he having failed to answer. And a year thereafter the cause was again submitted and heard, as the record shows, and a judgment rendered for the watch and note, if to be had, and if not, for the value thereof, no answer having still been filed; and of these judgments appellant now complains.

It is insisted by counsel that the petition is defective in not averring, in direct and positive terms, that appellee saw appellant and he failed to pay him, and that it contains no such averment. It may be admitted that the fact is not alleged in the formal manner that good pleading would require a material fact to be averred, still the language used implies that appellee had seen appellant and he had failed to pay him, &c.

It is objected to the second judgment, that it does not appear that any evidence was heard on the trial as to the value of the watch and note. Unlike the case of *Marr's adm'r vs. Prather* (3 *Met.*, 196), it does not appear here that there was not any evidence taken on the trial. It is recited in the judgment that the cause was heard, and it must be implied therefrom that evidence was introduced on the trial, and a deposition was, moreover, copied in the record, which we cannot assume was not read on the trial. We must therefore assume that the necessary proof was heard. Nor will it do to say that the deposition constitutes no part of the record, because it is not made so by bill of exceptions. What was there to make a bill of exceptions for? The deposition was not excepted to, and no objection taken to the competency of the evidence. Appellee offered it and it was admitted. He had nothing

to except to, or to make a bill of exceptions out of; and appellant did not deem it of sufficient importance to attend or make defense to the action. And how, under these circumstances, a bill of exceptions could have been incorporated, is not perceived. The action was founded on contract, and it was competent for the court to hear the evidence and assess the damages. (*Civil Code, section* 409.)

As there is no error prejudicial to appellant, the judgment must be *affirmed*.