Eblin v. Miller's ex'r.

CASE 74—ORDINARY—MARCH 8.

78 371
118 051

# Eblin v. Miller's ex'r.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. A mere promise by a landlord to repair the demised premises before the tenant's term expires, upon the agreement that he will not abandon the property, is without consideration, and cannot be enforced.

2. Appellant was bound to retain possession of the premises for the current month, and without an agreement to continue his tenancy for a longer time, the case falls within the rule stated.

3. That appellee agreed to have repairs made by a person regularly employed by him to repair his houses, and that this person did the work unskillfully, does not aid the petition without an averment that he was unskillful, the agreement being gratuitous.

JOHN B. COCHRAN AND WALTER EVANS FOR APPELLANT.

The unsafe condition of the premises, the knowledge of the fact on the part of appellee, his promise to repair, his undertaking the work, the careless and unskillful manner of doing it, and the injury to appellant, are alleged. There is abundant authority that the motion in arrest of judgment should not have been granted. (Wharton on Neg., sec. 792; 2 Robinson's Prac., 395; McGee v. Bast, 6 J. J. Mar., 455; Wheat. Sel., vol. 1, 33; Ibid, 304; 2 Johnson's Cases, 95; Ld. Raymond, 919; 8 Burr., 416; 105 Mass., 478; Proctor v. Keith, 12 B. M., 252; 2 N. H., 289; 4 John., 84; 2 Henry Black., 350.)

GEORGE WEISSINGER AND JAS. HARLAN FOR APPELLEE.

The judgment *non obstante veredicto* is right, because the pleadings clearly show that appellee cannot recover. The law imposes no obligation upon the landlord to repair. Here no contract is properly alleged. (Proctor v. Keith, 12 B. Mon., 252.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant alleged, in substance, that he occupied certain premises as tenant of R. N. Miller; that he rented and

paid rent by the month; that a stairway leading to a back. porch on the premises was out of repair in consequence of natural wear and tear and the decaying of the timbers; that. he notified Miller that he would abandon the premises and cease to be his tenant unless he (Miller) would repair the stairway; that Miller promised to have it repaired; that he would send a man to make the repairs, and relying upon that promise, he (appellant) agreed to remain in the house as tenant; that Miller sent a carpenter to repair the stairway, who pretended to repair it, but did the work so negligently and unskillfully that, when shortly thereafter the appellant: stepped out upon the porch and stairway, the banisters gave way, in consequence of which he was precipitated to the ground, twelve feet below, and his arm broken, and his person otherwise seriously injured.

Miller having died, this suit was brought against his executors. Issues were formed and a trial had, which resulted in a verdict for the defendants under a peremptory instruction.

The court, upon motion, granted a new trial, and the defendants excepted and filed their bill of exceptions.

A second trial was had, which resulted in a verdict for the plaintiff. The defendants moved for a new trial and in arrest of judgment.

The court overruled the motion for a new trial, but sustained the motion to arrest the judgment, and dismissed the petition.

The plaintiff appeals, and the defendants cross-appeal and. question the correctness of the action of the court in granting the defendants' motion for a new trial, and in denying the plaintiff's motion.

If the motion in arrest of judgment was properly sustained, it will be unnecessary to consider any other question in the case.

The appellant does not claim that Miller was bound by law or by the contract of renting to repair the stairs, or that he was bound otherwise than on the promise alleged in the petition. It is therefore material to inquire whether there was any consideration for that promise.

This court has decided that the mere promise of a landlord to repair the demised premises, based alone on the agreement of the tenant to relinquish his expressed purpose to abandon them before the end of his term, cannot be supported. (Proctor v. Keith, 12 B. Mon., 252.)

The ground of the decision is, that the tenant is bound to retain the premises during the term, whether the landlord repairs them or not, and that his agreement to continue the tenancy furnishes no consideration for the promise to repair.

The appellant in this case was bound to retain the premises during the current month, and unless he agreed to continue his tenancy for a longer time, the case falls within the rule laid down in the case *supra.* He alleges that he agreed to remain, but does not say for what length of time. All he alleges may be true, and yet it may also be true that he did not bind himself to retain the premises a single day longer than he was already bound to retain them.

It seems to us, therefore, to be clear that the petition fails to show any consideration whatever for the promise made by Miller.

But it is alleged that he sent a carpenter to make the necessary repairs, and that the carpenter entered upon the work, and pretended to do it, but did it negligently and

unskillfully, and that the case falls within the rule that one
who agrees to do work for another, and actually enters upon
the performance of his undertaking, is bound to perform it
according to the terms of the agreement, even though the
agreement is without consideration.   (McGee v. Bast, 6 J.
J. Mar., 455.)

This doctrine was applied by the supreme court of Massa-
chusetts to a landlord who, at the solicitation of the tenant,
gratuitously undertook to make repairs upon the demised
premises.   (Gill v. Middleton, 105 Mass., 470.)

In that case the landlord undertook to make the repairs
himself, but on account of a lack of proper skill or care in
doing the work, the repairs proved insufficient, and the wife
of the tenant was injured in consequence.

The court instructed the jury in substance, that if the
landlord undertook to make the repairs, and did the work
himself, and that, in consequence of the want of ordinary
skill or care in the workmanship or in the selection of ma-
terial, the injury occurred, the law was for the plaintiff.   On
appeal that instruction was held correct.

In this case the allegation is, that the landlord agreed to
have the repairs made by a person regularly employed by
him to repair his houses, and the uncontradicted proof on
the trial was, that he sent that person to do the work.
There was neither allegation nor proof that the person
employed was unskillful, or that he was not a reliable and
suitable man to do the work.   It was alleged, however, that
the work was done in an unskillful and grossly negligent
manner.

The question then arises whether, assuming it to be true
that the work was so done, the landlord is liable, without
regard to the further question whether the workman em-

Eblin v. Miller's ex'r.

ployed was or not such a person as a man of ordinary prudence and care would have employed to do such work. He did not agree to do the work with his own hands, or to supervise its execution, nor did he pretend to do either. His agreement was to have the work done by another person. As we have already seen, the agreement was wholly gratuitous, and he was only bound to do properly that which he undertook to do, and he did that if he sent a suitable person to do the work, and is not responsible for that person's negligence or unskillfulness.

If there was negligence in employing the person sent to do the work, the burden was on the plaintiff to allege and prove the fact. It was not enough to allege and prove that the work was negligently or unskillfully done. That a person was guilty of a single act of negligence, or did one piece of work in an unskillful manner, is not enough to authorize a jury to find that his employer was guilty of negligence in employing him.

In any view of the case, it seems to us the appellant failed to make out a case upon which a jury would have been authorized to find for him, and consequently his rights were not prejudiced, and the judgment is affirmed.