Drake's Adm'r v. Semonin & Dixon.

CASE 48—PLEADING, PRACTICE—OCTOBER 25, 1884.

# Drake's Adm'r v. Semonin & Dixon.

APPEAL FROM WEBSTER CIRCUIT COURT.

S. & D. sued appellant for merchandise bought of them.

The petition states that "defendants were merchants and bought large bills of goods from plaintiffs, and made various payments. That defendants' account closed with twenty-ninth of October, 1875, when defendants owed plaintiffs $1,963.70, an account of which is filed. The whole of the sum is due and unpaid, wherefore, etc."

1. *Held*—The petition would have been held bad on demurrer, but none was filed.

2. Appellant, after filing an answer that he had no knowledge, etc., in regard to appellees' claim to enable him to form a belief, filed two amended answers, setting up facts affirmatively, taking upon himself the burden of proof, and a verdict was rendered for appellees. The petition is cured by the issue and verdict.

3. If the defendant does not choose to demur, but desires to make an issue, so that both parties go to trial with a full knowledge of the matter complained of, and the record shows that the material facts were in issue and the subject of proof, the court will not treat the question as upon demurrer, but hold that the error in pleading by plaintiff is cured by that of the defendant, and the verdict in the case.

COOK & TOWERY AND PETRIE & LITTELL FOR APPELLANT.

1. The averments of the petition are wholly insufficient. Whatever may be the defenses offered by appellant, the defects in the petition are not waived by failing to demur to it.

2. On the merits of the case no judgment should have been rendered for appellee.

3. It is clearly the province and the duty of this court to reverse the judgment, because of the insufficiency of the petition. (Hill v. Barrett, 14 B. Mon., 83; Murphy v. Estis. 6 Bush, 533; Louisville and Portland Canal Co. v. Murphy, 9 Bush, 527.)

D. H. HUGHES, M. C. GIVENS AND W. P. D. BUSH FOR APPELLEES.

1. The question as to the sufficiency of the petition is for the first time made in the Superior Court.

2. The objection having so been made, the only question is: Does the record state facts sufficient to sustain the judgment of the circuit court?

3. The authorities sustain the affirmative of the proposition. (1 Chitty's, Pleadings, pages 337, 528, 671, 673; Riggs v. Maltby, 2 Met., 88; L.

& P. Canal Co. v. Murphy, 9 Bush, 522 ; Escott v. White, 10 *Ib.*, 169 ;. Barb. Dig., pages 1163, 1165.)

4. Appellant answered the petition, and the record shows that every necessary fact was proved to authorize the verdict and judgment. The defect in the petition was thereby cured. (Benjamin on Sales, 2 ed., 315, 317; 6 Dana, 48; 14 B. Mon., 332; 7 Bush, 231; 2 Ch. Pl., 90, 137; 9 Bush, 527; 2 Met., 90; 7 B. Mon., 327; 4 J. J. Mar., 29; Civil Code, subsection 5, section 116.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The plaintiffs, Semonin & Dixon, were wholesale merchants and partners, and Paul F. Semonin and O. S. Drake were retail merchants. The latter purchased of the former goods, etc., and Paul F. Semonin having gone into bankruptcy this action was instituted against Drake, as surviving partner, on the account alleged to be due the plaintiffs. The only allegation made in the petition, after giving the style of the affidavit, is, "that the defendants were merchants at Slaughtersville, Ky., and bought large bills of goods from the plaintiffs, and made various payments. They say that the defendants' account closed with the 29th of October, 1875, at which time the defendant owed the plaintiffs the sum of $1,963.70, an account of which is filed as part hereof. The whole of this sum is due and unpaid, wherefore they ask judgment."

A judgment was rendered for the plaintiffs against the personal representative of Drake, the latter having died before answer, from which this appeal is taken.

The administrator filed an answer in the usual form, denying the indebtedness, and that he had no knowledge or information in regard to the claim sufficient to enable him to form a belief as to its correctness, etc. He also filed an amended answer, in which he alleges *that after the debt was contracted*, Drake sold out to

Paul F. Semonin and the plaintiffs agreed to accept Paul as the real debtor and release Drake from all liability, and in a second amendment, that for sufficient ·consideration, the plaintiffs agreed to indulge Semonin for the payment of the debt and, therefore, the intestate was released from responsibility. Issues were tendered ·on the pleadings, proof heard and the judgment ren- ·dered.

No demurrer or objection was made in the court below to the sufficiency of the petition, and this question is made for the first time on the appeal.

That the petition would be held bad on demurrer is manifest. This is not an action for goods sold and deliv- ·ered by the plaintiffs to the defendant, for if such an al- ·legation had been made in the petition, the law, from the ·sale and delivery of the goods to the defendant, would imply a promise to pay. Nor is it a good petition for ·goods bargained and sold, for then, without the delivery, it must appear that they were sold at the instance of ·the defendant, or that the defendant promised to pay. It required both parties to make such a contract, and to ·allege that plaintiffs bargained and sold is not equivalent to saying that the defendant agreed, on his part, to ·accept the goods, or that they were sold at his instance ·and request.

The substance of the petition is : *That the defendant is indebted to the plaintiffs in the sum of* $1,963.00 *for goods bought, the whole of which is due and unpaid.* An averment that the defendant is indebted to the plaintiff in the sum of $1,963 for goods bought of the plaintiff by the defendant, and delivered to the defend- ·ant at his instance, would have been a good petition.

Instead of demurring to the petition the defendant takes- issue with the plaintiff on the defective statements of his cause of action, and says : I deny that my intestate bought the goods, or that he is indebted to you in the sum of $1,963 for goods bought, or in any other sum.

On that issue the proof shows the sale and delivery of the goods by the plaintiffs to the defendants and their value. The mode of pleading by the personal representative as to his want of information and knowledge is equivalent to a plea by the decedent, if living: —denying that he purchased the goods of the plaintiffs.

The answers are filed in suit, are on the idea that all the essential allegations have been made by the plaintiffs in order to create the liability, and the record shows that the facts necessary to a recovery were in issue and established by the plaintiffs. The rule is : " Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." (Chitty's Pleadings ; Bliss on Code Pleading ; Lennan's Pleading and Practice.)

It is often difficult to apply this rule and to make the proper distinction between cases where the cause of action is defectively stated, and where there is a total omission to state a cause of action, or the absence of an averment constituting the foundation of the plaintiff's right of recovery. In Wilson v. Hunt's adm'r, 6 B.

Monroe, it is said : '' When the verdict can be fairly considered as establishing between the parties the very fact which should have been, but is not, precisely averred in the declaration, and especially when it clearly appears that the particular fact was understood by the parties to be the point in issue to be decided by the jury, it would be unnecessary for the ends of justice, and would be more than useless to remand the case that it should again be presented for the consideration of the jury.'' The better rule, and in fact the one recognized by all the elementary authorities on the subject of pleading, including Mr. Chitty, is that where there is a total omission to state a cause of action, or some fact essential to the cause of action has been *wholly omitted,* the verdict will not cure the defect.

There is something more, however, in this record coming to the aid of the petition than the verdict of the jury. The personal representative, by his answer, denies :

*First.* The existence of the partnership between his intestate, Drake, and Paul Semonin.

*Second.* He has no information or knowledge sufficient to enable him to form a belief as to the purchase of the goods by the firm or its liability therefor ; nor has he such knowledge as to the truth of the averment that said account remains unpaid.

*Third.* After the debt was contracted his intestate sold out to Paul Semonin, who assumed the firm debts, and the plaintiffs agreed to look to Paul for payment.

The denial of the purchase of the goods by the firm placed in issue the fact as to whether the goods were bought at the instance and request of the firm. This

denial necessarily involved that issue, and the general denial filed by the administrator, as authorized by the Code, placed the burden on the appellees of showing every fact necessary to a recovery :

*First.* They were required to show a partnership between Drake, the appellant's intestate, and Paul Semonin.

*Second.* The sale of the goods to the firm at their instance—and the sum agreed to be paid or their value—so there was an issue formed by the pleadings that necessitated all this proof in support of appellees' claim. Besides it is attempted to be shown on the issue raised by the amended answer, to which there was a reply, that appellees agreed to look to Paul Semonin for this debt, appellant's intestate having sold out to him, and to release the intestate from all liability. A plea in the nature of a confession of the debt, and avoiding payment by alleging that some one else had assumed to pay it by the consent of or at the instance of the plaintiffs. While this plea, made by the personal representative, would not shift the burden on the administrator after he had made a *general denial*, still it shows the character of the issues the court or jury was called to try, and the proof necessary to authorize the recovery. Parker's Practice says, in 9th Park.: "When the defendant chooses to understand the plaintiff's count to contain all the facts essential to his liability, and in his plea sets out and answers those which have been omitted in the count, so that the parties go to trial upon a full knowledge of the charge, and the record contains enough to show the court that all the material facts were in issue, the defendant shall not tread back and

Drake's Adm'r v. Semonin & Dixon.

trip up the heels of the plaintiff on a defect, which he seems thus purposely to have omitted to notice in the outset of the controversy."

So in this case we have not only the verdict of the jury, or the judgment of the court for the plaintiff, but we have issues distinctly presented by the pleadings, placing in issue all the material facts necessary to be established by the plaintiff, before he was entitled to the judgment. The facts developed by the record establish the plaintiffs' claim, the partnership between the intestate and Paul Semonin, the sale and delivery of the goods by the plaintiffs to that firm, and the non-payment.

The amended answer offered to be filed in the year 1881 presented no defense to the action, and if it did, there was no proof in support of it. The action had been pending for three years, and this amended pleading offered contains no other allegation than that Paul Semonin had assets enough, after he purchased out the intestate, to pay all the firm debts, and had agreed to do so; that the plaintiffs knew this fact, and caused Paul to pay other debts with the firm assets when they should have been applied to the debts of the firm; that this was done with a view of making the intestate pay the debt. After Paul had purchased out the interest of Drake, the goods and the proceeds belonged to him and he had the right to apply the money or the goods to the payment of his own debts in the absence of some agreement with the plaintiffs that precluded them from accepting the money in that way.

The judgment below must be affirmed.