CASE 83—PETITION ORDINARY—JANUARY 31.

# Chesapeake & Ohio R. Co. v. Thieman.

APPEAL FROM KENTON CIRCUIT COURT.

1. DEFECT IN PLEADING CURED BY VERDICT.—The requirement of the the Civil Code of Practice that "judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him," must be so applied and construed as to harmonize with the rule that where there is any defect or omission in a pleading, whether in substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would have directed the jury to give or the jury would have given the verdict, such defect or omission is cured by the verdict.

2. DEFECT IN PETITION CURED BY ANSWER.—In this action against a railroad company to recover damages for injuries to plaintiff, alleged to have been caused by defendant's negligence in moving a locomotive engine upon plaintiff while he was under the engine cleaning

out the ash-pan thereof, the petition alleging that in plaintiff's employment by defendant, it was his duty to clean out the ash-pans of defendant's locomotive engines, the petition was defective in failing to allege that plaintiff went under the engine at the proper time and place for cleaning the ash-pan, or that he was directed or required to do so, or that he gave notice to those in charge of the engine, or that they knew he was under it. But as defendant, by its answer, in pleading contributory negligence, alleged that plaintiff, without being required or directed, and without knowledge or consent of defendant and of his own negligence, went under the engine, and these allegations were traversed by reply, there was an issue joined as to every fact necessary to be stated in order to constitute plaintiff's cause of action, and, therefore, the defect in the petition was cured. It is immaterial that the facts in the answer, which are relied upon as curing the defects in the petition, were pleaded as contributory negligence.

3. PLEADING—EVIDENCE.—It was not necessary to allege in the petition that the engine was moved by an authorized agent of defendant, it being alleged that it was moved by "defendant," in virtue of which it was competent to prove the act was done by its agent or servant.

C. B. SIMRALL AND HALLAM & MYERS FOR APPELLANT.

1. The petition is defective. There is no allegation of knowledge or opportunity of knowledge upon the part of defendant's agents in charge of the engine that plaintiff was under the engine, and without this the moving of the engine was not a want of care, notwithstanding the pleader may characterize such act as a negligent act. (L. & P. Canal Co. v. Murphy, Adm'r, 9 Bush 527; L. & N. R. Co. v. Wolf, 80 Ky., 84.)

2. The defect in the petition was not cured by the plea of contributory negligence in the answer. (Bogenschutz v. Smith, 84 Ky., 336; Spalding v. Alexander, 6 Bush, 160; Tye v. Catchings, 78 Ky., 465.)

3. If the defect in the petition was not cured by the answer it was not cured by the verdict. (Bogenschutz v. Smith, 84 Ky., 341; Civil Code, sec. 386; Evans v. Stone, 80 Ky., 78.)

W. H. JACKSON OF COUNSEL ON SAME SIDE.

WM. GOEBEL FOR APPELLEE.

Any defect there may have been in the pleadings was cured by the verdict, as it must be conclusively presumed, in the absence of a bill of exceptions, that the trial court fully and properly instructed the jury upon all questions that were presented in the case, and that upon competent and sufficient evidence the jury properly determined all questions submitted to them in favor of plaintiff. (L. & N. R. Co. v. Copas, 95 Ky., 460.)

Chesapeake & Ohio R. Co. v. Thieman.

The cases in which this court has held that judgments should have been rendered upon the pleadings for a party, notwithstanding a verdict, are all cases in which there had been a total omission to file a necessary pleading, not cases in which defective pleadings were filed. (Evans v. Stone, 80 Ky., 78.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee states in his petition the cause of action as follows : "On January 25, 1891, plaintiff was the servant of defendant, employed for reward as a laborer in and about the Covington yard of the defendant. In his said employment it was plaintiff's duty to clean out the ash-pans of defendant's locomotive engines. At said time there was at said place where plaintiff was as aforesaid employed, a locomotive engine of the defendant, known as No. 9, the ash-pan of which needed cleaning, and thereupon the plaintiff then and there went under said locomotive engine to clean out the ash-pan thereof, and did then and there engage in the work of cleaning out said pan, and while he was under said locomotive engine, engaged in the work of cleaning out said pan, the defendant, with gross and wanton negligence and carelessness, started and moved said locomotive engine upon and over plaintiff, and thereby he was ruptured and otherwise severely and permanently injured," etc.

To the petition a general demurrer was filed, but being overruled, defendant filed answer which was followed by reply of plaintiff, in whose favor verdict was rendered. But defendant moved for judgment of court notwithstanding verdict of the jury, and that motion having been overruled, this appeal is prosecuted.

Section 386, Civil Code, provides that "judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him." But that section has uniformly been so applied and construed by this court as to harmonize with the following well settled rule of practice: "When there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict." (Riggs v. Maltby & Co., 2 Met., 88; Fible v. Caplinger, 13 B. M., 464; Louisville, &c., Canal Co. v. Murphy, 9 Bush, 522; Drake's Adm'r v. Semonin & Dixon, 82 Ky., 291.)

We are satisfied the petition in this case does not state facts sufficient to constitute a cause of action, and if defendant had stood by the general demurrer, pleading no farther, it would have been entitled at least to have the verdict set aside, if not to judgment *non obstante veredicto.* For a verdict alone does not cure the defect of a petition from which has been omitted the statement of facts sufficient to constitute a cause of action. (Drake's Adm'r v. Semonin & Dixon, 82 Ky., 291; Bogenschutz v. Smith, 84 Ky., 341.)

It, therefore, becomes necessary to determine whether, the petition being defective, there was made by the an-

swer such an issue as, in language of the rule referred to, "required on the trial proof of the facts so defectively stated or omitted."

The defects of the petition are as follows : 1. There is no averment that plaintiff went under the engine at the proper time and place for cleaning the ash pan ; or, 2. That he was directed or required to do so ; or, 3. That he gave notice to those in charge of the engine, or they knew he was under it.

Paragraph 2 of the answer, wherein is pleaded contributory negligence on part of plaintiff, contains statements that he, without being required or directed, and without knowledge or consent of defendant, and of his own negligence, went under the engine, and thereupon it was moved by some person to defendant unknown and not thereto employed by defendant.

It seems to us that when those statements were traversed in the reply, as was substantially done, there was an issue joined as to every fact necessary to be stated in order to constitute plaintiff's cause of action. For, first, whether he went under the engine at the proper time and place is not material, if it be a fact, about which there was an issue made in the pleadings, that he was required and directed to do so ; second, if those in charge of the engine knew he was under it at the time it was moved, about which there was likewise an issue made, that single fact, if true, would constitute a cause of action without regard to the question when he went or why he was there.

Another defect of the petition suggested is omission of a statement that the engine was moved by an authorized agent of defendant. But that was rendered

unnecessary by the comprehensive one distinctly made that *defendant* started and moved the engine upon and over plaintiff, in virtue of which it was competent to prove the act was done by its agent or servant.

It is contended by counsel, however, that allegations in the answer of contributory negligence on part of the plaintiff do not in any case cure defects of the petition. It may sometimes occur that facts or acts properly pleaded as contributory negligence do not necessarily supply omissions or cure defects of the petition. But where an issue has, by subsequent pleadings, been joined and tried as to all facts necessary to constitute the cause of action, but omitted from or defectively stated in the petition, it does not, in our opinion, make any difference whether such facts were stated in the answer affirmatively or negatively, or pleaded in bar or avoidance.

We think the issue in this case was joined as to all facts necessary to be stated in order to constitute a cause of action, and as there is in the transcript before us neither a bill of evidence or instructions, we must presume the verdict was rendered upon sufficient evidence and under proper instructions.

Judgment affirmed.