BERNICE D. SHULL, by his next friend, E. E. SHULL, Appellee, v. OSCAR B. ARIE, Appellant..

Action for Loss of Support to Child: EVIDENCE AS TO PLAINTIFF'S CHILDREN: *Harmless error.* In an action by a minor son to recover damages for injury to his means of support in consequence of the habitual intoxication of his father, caused by illegal sales of intoxicating liquors to him by defendant during the years 1896 and 1897, as authorized by Code. section 2418, it was not prejudicial error to permit evidence that the father had two children, plaintiff and one younger, and the age

of each, notwithstanding that such testimony is inadmissible in a like suit by a wife who is charged with the support of minor children.

ELEMENTS OF LOSS OF SUPPORT: *Instructions.* Plaintiff having lost a leg, an instruction that, in determining the amount of his actual damages, the jury should consider his age and condition, was not erroneous, as unduly emphasizing that misfortune. The loss of his leg was as proper to consider on the question of what support he required, as was his age.

*Plea and Proof.* Under an allegation of sales of liquor made to the father of plaintiff in 1896 and 1897, whereby he became besotted and habitually intoxicated, it was not error to permit the father to testify that he used to get drunk quite frequently in 1896 and 1897 up to the spring of 1898; it being admissible to show the effect that the sales by defendant in 1896 and 1897 had on him.

PLEA AND PROOF: *Principal and agent.* An instruction that it was incumbent on plaintiff to show that the defendant, either by himself or his employes or agents, gave or sold plaintiff's father intoxicating liquors, was not erroneous because the petition charged the sales to have been by defendant, and not that they were by his employes, or agents, since a sale by the agent was a sale by the principal.

IRRELEVANT ARGUMENT: *Harmless error.* All but one of defendant's bartenders who had sold liquors to plaintiff's father having been sworn for defendant, it was not prejudicial error for plaintiff's counsel to state in argument that the reason that one was not called was because no statement had been filed, as required by law, showing him to be so employed. The matter was immaterial, neither the question whether or not the mulct law had been complied with or whether said bartender had made illgal sales being involved in the case.

*Appeal from Boone District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, JANUARY 26, 1901.

ACTION under section 2418 of the Code by and on behalf of Bernice D. Shull, a minor aged 7 years, to recover damages for injury to his means of support in consequence of the habitual intoxication of his father, William Shull,

caused by illegal sales of intoxicating liquors to said William Shull by the defendant at divers times during the years 1896 and 1897. The defendant answered, denying generally, and, upon trial had, verdict and judgment were rendered for the plaintiff for $600. Defendant appeals.—*Affirmed.*

*Jordan & Goodykoontz* for appellant.

*Dyer & Stevens* for appellee.

Given, C. J.—I. We first notice appellant's complaints against certain rulings on taking the evidence: The mother of William Shull was permitted to testify, over defendant's objection, that her son had two children— the plaintiff and one younger—and the age of each.

Of this the defendant complains, and cites *Huggins v. Kavanaugh,* 52 Iowa, 368, and *Welch v. Jugenheimer,* 56 Iowa, 11. Those were actions by the wife for injury to her means of support. In the first the plaintiff was permitted, against defendant's objection, to show the number, age, and sex of the children, and of this the court said as follows: "The object and purpose in the introduction of this evidence must have been to affect the question of damage. The thought, no doubt, was that the extent of the recovery depended, at least somewhat, upon the number, age, and sex of the children. We do not believe such is the law. The statute gives a right of action to every child injured in his means of support, as well as to the wife. As each has a right of action, neither can recover for the damages sustained by the other. Nor can the plaintiff's damages be increased because she has a larger number of children, or diminished because she has none; for her right to recovery is based on the loss of means for her support, and not for the support of her children." The reason for that ruling does not apply to this case. True, neither wife nor child can recover, except for injury to its individual means of support. Neither can recover for injury to the means of support of the

other. But, in view of the difference in the relations and liabilities of mother and child, such evidence would be prejudicial to the defendant in one case, and not in the other. The wife being liable for the support of her minor children, evidence as to their number and ages would incline a jury to allow larger damages than the wife had sustained in her own means of support; but not so in the case of a minor child, who owes no support to the mother. Evidence that there were other minor children, each of whom had the same right of action as the plaintiff, would rather incline a jury to give less damages to one child, because of the defendant's liability to the others. This plaintiff is entitled to recover, if at all, just what damage he has suffered in his means of support by reason of the wrong alleged. The support that sober fathers furnish their children is not uniform. The inquiry is, what support would this father have given to this child, had he continued to be a sober man, and how much was that support lessened by reason of his intoxication, caused or contributed to by defendant? The number of minor children to be supported would seem to enter into this inquiry, but, be this true or not, we think the defendant was diced by the admission of this evidence.

II. The charge in the petition is that the defendant unlawfully sold intoxicating liquors to plaintiff's father during the years 1896 and 1897 "until he became wholly besotted, and remained in a condition of habitual intoxication by reason of these sales." William Shull was permitted to testify, over defendant's objection, that he "used to get drunk quite frequently in 1896 and 1897, and up to spring of 1898." This evidence was admissible to show the effect that the sales made by the defendant in 1896 and 1897 had upon Shull, and that they had caused him to become besotted and habitually intoxicated. Objection is also made to Shull's testimony as to the conversation with B. Arie, father of the defendant, who had been examined on behalf of the defendant. No reason is given why this evi-

dence was improperly admitted, and it seems to us that none can be given, as it went directly to show the interest of the witness B. Arie in this case.

III. The court instructed that in determining the amount of actual damage the jury should consider "the age and condition of this plaintiff." It appears that plaintiff was injured so that amputation of one of his legs became necessary. Appellant insists that this instruction unduly emphasized this misfortune. Plaintiff's loss of leg was as proper to be considered as his age. It directly affects the support which he required.

IV. The court instructed that it was incumbent on the plaintiff to show "that the defendant, either by himself or his employes or agents, gave or sold the plaintiff's father intoxicating liquors." Defendant contends that as the petition charges the sales to have been by Oscar B. Arie, and does not charge that they were by his employes or agents, the instruction is erroneous. It is not claimed that the defendant is not liable for sales made by his employes or agents with his authority, but that in such case it must be so alleged. While it is true that both the principal and agent are each liable, it requires no argument to show that the authorized sale by the agent is, in law, a sale by the principal. See *Judge v. Jordan,* 81 Iowa, 523.

V. There was evidence tending to show that liquors had been purchased in defendant's saloon from different bartenders named, including one Ham. Each of these bartenders, except Ham, was examined on behalf of the defendant. Plaintiff's counsel in the opening argument gave as a reason why Ham had not been called that no statement had been filed, as required by law, showing that Ham was employed as a bartender. A bundle of papers said to be a statement of consent were offered in evidence by the defendant, and properly excluded, on objection of the plaintiff, for the reason that the question whether the saloon was conducted in compliance with the mulct law is not involved

in this case.   Counsel, when making said remarks, took this
bundle of paper in his hand, but said nothing as to what they
were.   Objection being made to the remarks, the court said:
"I think, perhaps, the court ought to say that these state-
ments, if there has been reference to them in the matter of
evidence on the question whether the saloon was run legally
or otherwise, are immaterial in this case." It must have been
plain to counsel, especially after these remarks by the court,
that it was immaterial in this case whether or not Ham had
a legal right to sell intoxicating liquors; and yet, after the
remarks by the court, counsel repeated his statement.   We
are at a loss to know why counsel persisted in pressing this
immaterial matter upon the attention of the jury, and
equally at a loss to see wherein defendant was prejudiced
thereby.   It did not go to show that the sales to Shull were
legal or illegal, nor to enlarge or diminish the injury to the
plaintiff's means of support.   We discover no prejudicial
error in the record, and the judgment is therefore AFFIRMED.