CASE 82—ACTION BY DAN ALTSHELER AND OTHERS AGAINST THEOPHILUS CONRAD FOR BREACH OF CONTRACT.—SEPTEMBER 28.

# Altsheler, &c. v. Conrad.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 2— STERLING B. TONEY, JUDGE.

JUDGMENT FOR DEFENDANT AND PLAITIFF APPEALS.    REVERSED.

LIMITATION—CAUSE OF ACTION STATED BY PETITION—LANDLORD—ORAL AGREEMENT TO REPAIR LEASED PREMISES.

1. A petition alleging that defendant agreed to fix the premises plaintiffs leased of him, but did not do so, and that thereafter plaintiffs' employe was injured by the defect in the premises, and recovered judgment òf them in a certain amount, which they seek to recover of defendant, is not founded on the personal injuries to the employe to which the one year statute of limitations applies, but on the breach of contract, to which the five year statute applies.

2. A mere oral agreement, without consideration, made by a landlord during the term of a lease, to repair the premises, is not binding.

O'NEÁL & O'NEAL, FOR APPELLANTS.

1. Where appellants rented a store room from appellee for use as wholesale grocery, on one side of which from the sill of the door  to the pavement there was an iron apron which was so slick and steep as to be dangerous for use of appellant's employes

of which dangerous·condition appellee was notified and promised to repair, and make safe, but failed to do so and by reason thereof one of appellant's employes was injured in the use of said apron, and recovered damages from appellant for such injuries, we submit that appellant may recover from appellee the damages and costs he was compelled to pay said employe, and such action being on the contract to repair the apron, the failure to comply with which caused the damage, the limitation thereto is five years.

2. Even if the limitation of one year should apply, the appellant's cause of action did not accrue until he was compelled to pay the damages sued for and recovered by his employe, and the statute did not begin to run until his cause of action had accrued.

## AUTHORITIES CITED.

Wilhoyte v. Hancock, 5 Bush, 570; Kendal v. Couch, 88 Ky., 199; Ray v. Sweeney, 14 Bush, 1; Wright v. Kleyia, 104 Ind., 223; Dyer v. Wittler, 89 Mo., 81; Ewell v. Chicago R. R. Co., 28 Fed. R., 57; Winters v. De Turk, 7 L. R. A., 659.

M. A., D. A. & J. G. SACHS, ATTORNEYS FOR APPELLEE.

We submit:

1. If there was an agreement to make repairs before the lease was signed, it ended when the lease was signed because the lease expresses the whole contract and it is filed and is silent about repairs.

2. If the agreement was made after the lease was signed it is not good because it is without consideration.

3. The recovery for injuries sustained by the plaintiff's servant can not be maintained because it is barred in one year after the accident.

4. The landlord is not liable for the damage to plaintiff's servant unless there was misrepresentation or concealment, or perhaps a total inability on the tenant's part to discover the defect before entry, and the servant is under the same restriction.

5. In any event the plaintiff's cause of action is barred by the five years' statute of limitation.

## AUTHORITIES.

Elbin v. Miller, 78 Ky., 371; Taylor on Landlord and Tenant, 1 vol. (Ed. 1887), pp. 197, 198; secs. 175, 330; Lusch v. Stratton, 19 R., 889; Breckinridge v. Hicks, 15 R., 143; Ky. Stat., sec. 2516.

Altsheler, &c. v. Conrad.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

This appeal is from a judgment of the lower court in overruling a demurrer to an amended answer, pleading the statute of limitations to the cause of action set forth in appellant's petition. The petition, in substance, set forth the following facts: That appellants had rented from the appellee a business house on the corner of Eighth and Main streets, in the city of Louisville, for the term of three years, for the purpose of conducting a wholesale grocery business therein; that they discovered an iron apron, at the side, or Eighth street door, in a dangerous condition—that is, was placed at too great an incline, and made it dangerous for one passing merchandise into and out of the building over it; that they called appellee's attention to the dangerous condition and improper construction of this apron, and requested him to have it changed or altered so as to make it safe; that he then promised and agreed to do so within a reasonable time, but did not make such change or any change in the apron, and violated his promise and agreement with reference thereto, and alleged that one of their employes, by the name of Breen, while in the exercise of his duties, slipped and fell on this apron, and broke one of his limbs; that Breen brought an action against these appellants, for and on account of the damages he had received for the injuries stated, and recovered of these appellants a judgment, including costs, amounting to $205, which they were compelled to and did pay Breen; that this payment was the result of the failure of appellee to comply with his promise and agreement to repair and make safe this apron, and they sought a judgment against appellee for that sum.

The appellee demurred to this petition, which was over-

ruled. He then answered, making a general denial of all the allegations in the petition, and in another paragraph undertook to plead the statute of limitations. A demurrer was filed to this paragraph by the appellants, which the court sustained, and the appellee then filed an amendment to this paragraph as follows: "The defendant, for amendment to his answer herein, and to make more definite, specific, and certain his plea of limitation herein, says that P. J. Breen was a servant of the plaintiffs and in their actual employment at the time of the alleged injury to the said Breen. This defendant says that the alleged injury to said Breen occurred on the 11th day of December, 1896, in the city of Louisville, Ky., where said Breen was acting in his capacity as servant and employe of plaintiffs aforesaid, and this action is founded on said alleged injuries to plaintiffs' servant and employe, Breen, as aforesaid. This defendant says that under the law of the statutes of Kentucky the plaintiffs' cause of action is long since barred, and he pleads and relies upon the law of the State of Kentucky in such cases made and provided as a bar to any recovery herein."

The court erred in overruling a demurrer to this plea of the statute of limitations. The appellants had no right to maintain an action for the injuries to Breen, their servant. This right alone existed in Breen, and the appellee is in error when he says that appellants' action is founded on such injuries. As appears from the petition, it was founded on the violation of the alleged contract made by appellee with appellants to repair and make safe this iron apron, and on account of such failure and violation of contract they sustained this loss of $205. If it had been brought for the injuries to Breen, the 12-month statutes would apply, but if it had been brought to recover the $205 which they had

Altsheler, &c. v. Conrad.

lost by reason of the breach of this contract or agreement, then the five year statutes would apply, and this time had not elapsed at the time of the institution of this action.

We are of the opinion that the court erred also in overruling the demurrer to the petition. It is not stated in the petition that this promise and agreement on the part of the appellee to repair and make safe this apron was in writing, nor was there any writing filed with the papers showing any such promise or agreement; therefore, it must be deemed that this promise and agreement was verbal. Such being the case, it was indispensably necessary for the appellants to have alleged in their petition a consideration for this promise and agreement. There is not an intimation in the pleadings that they paid or promised appellee anything to make this repair. See 1 Mar., 538, 2 Mar., 139, 382. Unless there was a consideration paid or promised the appellee for the making of this repair, the appellants can not sustain their action on appellee's promise to repair. See Eblin v. Miller's Ex'rs, 78 Ky., 371, and Proctor v. Keith, 12 B. Mon., 252.

Wherefore the judgment of the lower court is reversed, and the cause remanded, with directions to sustain the demurrer to both the amended answer and the petition.