MURPHY, Respondent, v. CHICAGO, M. & P. S. RY. CO., Appellant.

### (141 N. W. 380.)

**1. Pleadings—Complaint—Master and Servant—Action for Injuries.**

In an employee's action against a railroad company for ordering him to board a speeder or small car operated by gasoline power, after assuring him that he would have a clear track, although an engine was then being carelessly and negligently operated over such track in an opposite direction, **held**, it was proper to aver that the alleged acts of negligence were done by the company, instead of by their servants or employees.

An allegation of negligence of a railroad company warrants admission of proof of negligent acts of its employees within the scope of their authority.

**2. Pleading—Complaint—Master and Servant—Action for Injuries.**

Under a section hand's complaint for injuries alleging that he, his foreman, and other section hands were directed to board a handcar after being assured they would have a clear track, although an engine was then being operated in the opposite direction on same track, was not demurrable on ground that the person giving the order and assurance was a fellow-servant of the section hand, there being no presumption from the pleading that he was, or was not, such fellow-servant, even though the defendant corporation must act through its officers, agents, or employees.

**3. Pleading—Two Negligent Acts, One Cause of Action.**

Such complaint, wherein it alleged, as acts of negligence, the foreman's order to board the handcar, and the assurance that plaintiff would have a clear track, did not state two distinct acts of negligence, but that the two, coupled together, constituted the proximate cause of the injury, and it therefore states a cause of action against defendant railway company.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Walworth County. Hon. J. H. BOTTUM, Judge.

Action by John H. Murphy against the Chicago, Milwaukee & Puget Sound Railway Company and another, for damages for

alleged personal injuries. From an order overruling a demurrer to the complaint, the defendant railway company appeals. Affirmed.

*Porter & Grantham,* for Appellants.

Giving of erroneous information and assurance is not actionable negligence of the railway company. It had no causal connection with the accident.

In the absence of a statement as to who gave out the information and made the assurance, the court will take judicial notice of the fact that the defendant, being a corporation, acts only through its servants and employees, and the information or assurance, if given by the most direct and reliable source, must have been given by the telegraph operator.

The engineer was the fellow servant of the plaintiff. N. P. Ry. Co. v. Hambley, 154 U. S. 359; Elliott v. C. M. & St. P. Ry. Co., 5 Dak. 523; Gates v. C. M. & St. P. Ry. Co., 2 S. D. 422; New England Ry. Co. v. Conroy, 175 U. S. 323.

The plaintiff was not a passenger upon the speeder car, and the defendant owed him no duty to carry safely. Under the allegations of the complaint, the plaintiff was in the employ of the company and, at the time, in the performance of his duty.

## IN REPLY.

It is not alleged in the complaint and cannot be assumed that defendant had authorized the running and operation of the engine, or that defendant, or its representative giving out the information and assurance, knew that the engine was in fact upon the track, or expected, or likely to be thereon proceeding eastward. In absence of such allegations, such situation cannot be inferred by the mere allegation that the information and assurance were carelessly and negligently given. Indianapolis Traction & Terminal Co. v. Matthews (Ind.), 97 N. E. 320.

The person who ordered respondent to occupy the track was a fellow servant. St. Louis I. M. & S. Ry. Co. v. Needham, et al., 63 Fed. Rep. 107.

*P. C. Morrison,* and *Julius Skaug,* for Respondent.

Negligence in two respects is charged: 1. Negligence on the part of appellant in failing to furnish respondent a safe place in which to work. 2. Negligence on the part of appellant in running an engine at a great and dangerous rate of speed without warning

or notice upon and against respondent while respondent was pursuing his duties as a servant of appellant.

These are not two disassociated independent acts of negligence, but rather the second is a consummation of the first.

Ordering respondent out to meet an approaching engine after first assuring him that he would have a clear track and then running an engine upon him without notice or warning constitutes actionable negligence.   Burke v. Anderson, 99 Fed. 814; Turner v. Norfolk and W. R. Co., 40 W. Va. 675, 22 S. E. 83; Haskins v. N. Y. L. E. Ry. Co., 142 N. Y. 416, 25 L. R. A. 396; Section 1450 of the Civil Code.

The person who gave the negligent order and assurance and the engineer who operated the engine in a negligent manner were not fellow servants of respondent so as to relieve appellant from responsibility for their negligence.   Minneapolis v. Lundeen, 19 U. S. App. 245; 58 Fed. 525; Tyson v. South & North Ala. Ry. Co., 61 Ala. 554; 32 Am. Rep. 8; Chicago & N. W. Ry. Co. v. Snyder, 117 Ill. 376; 67 N. E. 604; Chicago B. & Q. R. Co. v. Kellogg, 54 Neb. 127; 74 N. W. 454; Ford v. Fitchburg R. R. Co., 110 Mass. 240; 14 Am. Rep. 598; Hough v. Texas & P. R. Co,, 100 U. S. 213.

GATES, J.   This is an action for personal injuries.   The defendant railway company interposed a general demurrer to the complaint.   The demurrer was overruled, and the defendant railway company appeals.

The material parts of the complaint to which the argument is directed are as follows:

"IV.   That on the 29th day of June, 1912, and for some time prior to said date, plaintiff was employed by defendant Chicago, Milwaukee & Puget Sound Railway Company as a section hand at and near said Moreau Junction.   That in the evening of said day plaintiff, in obedience to the orders and directions of defendant Chicago, Milwaukee & Puget Sound Railway Company, accompanied the foreman of said section crew, of which plaintiff was a member, to Mobridge on a speeder, which is a small car operated by gasoline power, for the purpose of securing additional laborers for said section crew.   That plaintiff then and there spent some time in the city of Mobridge in assisting said foreman in the hiring of several men, all of which was done at the special instance

and request of defendant Chicago, Milwaukee & Puget Sound Railway Company. That about 10:30 o'clock in the evening of said day plaintiff was, by the defendant Chicago, Milwaukee & Puget Sound Railway Company, carelessly and negligently ordered and directed to board said speeder, together with his said foreman and fellow laborers, for the purpose of returning to said Moreau Junction, while an engine of said railway company was then and there carelessly and negligently being operated over said track, going eastward from said Moreau Junction to said Mobridge. That before starting for said Moreau Junction, as aforesaid, plaintiff and his fellow laborers were by the defendant Chicago, Milwaukee & Puget Sound Railway Company carelessly and negligently, and without the exercise of due care and caution, informed and assured that they would have a clear track to said Moreau Junction, and relying on said careless and negligent information and assurance, plaintiff and his fellow laborers immediately started westward over said track bound for their said destination, as ordered and directed by said Chicago, Milwaukee & Puget Sound Railway Company.

"V. That on the 29th day of June, A. D. 1912, while plaintiff was a passenger on said speeder of defendant Chicago, Milwaukee & Puget Sound Railway Company proceeding westward to said Moreau Junction, as aforesaid, the said defendants, Chicago, Milwaukee & Puget Sound Railway Company and H. C. Worley, an engineer in the employment of said railway company, carelessly and negligently, and without any warning or notice to this plaintiff, ran and operated a locomotive engine belonging to said railway company in charge of said engineer over said railway, going east and opposite to the direction in which the said speeder was going, at a high and dangerous rate of speed, and without warning or notice and carelessly and negligently ran said locomotive engine upon and against said speeder on which plaintiff was then and there a passenger, striking and colliding with said speeder with great force and violence, thereby wrecking said speeder and hurling plaintiff to the ground with great force and violence."

It is the contention of appellant that two separate acts of negligence are alleged: that the giving of the erroneous information and assurance (a) is not actionable negligence; (b) has no casual connection with the accident; (c) that the plaintiff and the person giving the information were fellow servants. It is further

contended by appellant that the engineer of the engine which collided with the speeder was the fellow servant of the plaintiff, that the plaintiff was not a passenger, and that the provisions of chapter 206 of the Laws of 1911 do not apply.

It is the contention of respondent that the negligence of defendant in failing to furnish respondent a safe place in which to work, coupled with the negligence in running the engine are not disassociated acts of negligence, but that they are connected, and that, coupled together, they became the proximate cause of the injury; that the ordering of respondent out to meet an approaching engine, after first assuring him that he would have a clear track, and then running an engine upon him, without notice and warning, constitutes actionable negligence; that the person who gave the order and assurance was not a fellow servant with respondent; and that, even if they were fellow servants, the provisions of chapter 206 of the Laws of 1911 apply.

[1, 2]    It will be noticed that all of the acts charged are alleged to have been done by the defendant company. With the exception that the act of running the engine was the joint act of the company and the engineer, it is not alleged that any of said acts were done by the servants or employes of the company. This was good pleading. Baylies, Code Pl. § 7. Under these allegations, proof was admissible of the acts of the servants of the company within the scope of their authority. Shull v. Arie, 113 Iowa, 170, 84 N. W. 1031; Chesapeake & Ohio Ry. Co. v. Thieman, 96 Ky. 507, 29 S. W. 357; Bennett v. Judson, 21 N. Y. 238; Hildebrand v. Toledo-Wabash & Western Ry. Co.; 47 Ind. 399.

[3]    But it is claimed by appellant that under such allegations it will be presumed that the person giving the assurance and information as to the track being clear was the fellow servant of the respondent. Cases are cited in support of this doctrine. We cannot adopt this reasoning. While it is true that by reason of the fact that the defendant is a corporation, it must act through its officers, agents, or employes, there is no necessary inference of fact that the servant in this case was a fellow servant with respondent. Neither can we assume, as claimed by respondent, that the person giving the assurance and information was the *alter ego* or vice-principal of the defendant company. These are questions that do not arise upon the face of the complaint. They are, therefore,

not raised by the demurrer, and are not before us for determination.

[4] It appears that the respondent was at Mobridge in pursuance of 'the duties of his employment; that he was ordered by appellant to board the speeder and proceed westward to Moreau Junction; that before obeying such order he made inquiry regarding trains on the track; and was informed and assured that he would have a clear track to Moreau Junction; that such information was negligently given, because at that time an engine was proceeding eastward on said track at a high and dangerous rate of speed; that he departed westward at 10:30 o'clock in the evening; and that, without any notice or warning of any kind, the speeder was run down by said engine, and respondent was injured.

It is clear to us that two distinct acts of negligence are not alleged in the complaint, but that the two, coupled together, constituted the proximate cause of the injury. The complaint states a cause of action against the defendant railway company.

The order overruling the demurrer is affirmed.