King, J.,
delivered the opinion of the court.
This is an action by The Globe Printing Company, a corporation, endorsee, against E. M. De La Vergne as endorser of a promissory note made by W. D. Ham, payable to De La Vergne, February 5, 1913, at the Federal National Bank of Denver. After demurrer overruled, the defendant denied presentment to him for payment, and alleged that notice of' dishonor had not been given him, and that he had not waived presentment, demand or notice of dishonor, which allegations were denied by the replication. Judgment for plaintiff.
*309 1. The complaint alleged presentment at the Federal National Bank, February 5, 1913, to, and demand for pay ment made on, the endorser as well as the maker. Section 115 of the Negotiable Instruments Law provides that notice of dishonor is not required to be given to the endorser “where the indorser is the person to whom the instrument is presented for payment.” — Mills’ Ann. Stats, section 5165; it. S., ’08, section 4578; in re Swift, 106 Fed., 65, 69. Therefore, the demurrer was properly overruled.
After failure to prove presentment to the endorser, the complaint alone was not sufficient to' admit of evidence to. prove that notice of dishonor was either given or waived.— Sykes v. Kruse, 49 Colo., 560. But the allegations of the answer, denied by the reply,' constituted an “express aider” of the complaint, and cured its defects. — Chitty, Pleading (7th Am. ed.), *703; Cowell v. S. D. R. E. Co., 16 Colo. App., 108, 63 Pac., 991; Chesapeake & O. R. Co. v. Thiemann, 96 Ky., 507, 29 S. W., 357; Slack v. Lyon, 9 Pick., 62; Stivers v. Horne, 62 Mo., 473, 475; Wall v. Grimly, 52 Conn., 35; 31 Cyc. 714. Moreover, no objection was made to the proof offered on the ground that the complaint was insufficient.
2. To affirm the judgment, we need not agree with the trial court in holding that the giving of notice of dishonor was not required nor waived, nor, indeed, decide those questions. Presentment to the endorser was not made, but the court found that notice of dishonor had been duly given. The evidence on the part of the plaintiff shows that the note was endorsed in blank by defendant and delivered to plaintiff ; that plaintiff endorsed it and left it in the Federal National Bank until and during all of February 5th; that on January 27th plaintiff notified the defendant by letter that the note was at the bank, and that Ham, the maker of the note, would not be able to pay it, and asked defendant to attend to it promptly. On February 6th, the bank told the plaintiff that the note had not been paid. About 9 a. m. on February 7th, plaintiff gave oral notice to defendant *310 that the note had not been paid. Under our statute, such evidence sustained the finding of fact made by the court. Oral notice is sufficient. — Mills’ Ann. Stats., section 5146; R. S. ’08, section 4559. The note was dishonored in the hands of an agent, to-wit, the bank, which notified its principal, the plaintiff, in due time. — Mills’ Ann. Stats., section 5144; R. S., ’08, section 4557. Plaintiff resided at Denver, defendant at Colorado Springs. Oral notice given to defendant on February 7th was in due time under subdivision 2 of section 5154, Mills’ Ann. Stats.; section 4567, R. S., ’08. '
3. It is urged that presentment to the maker of the note is not shown, therefore the endorser is discharged. With this contention we do not agree. When a note is made payable at a bank, it is considered a sufficient presentment of it if it is actually in the bank at maturity, ready to be delivered to anyone who may be entitled to it on payment. Such is the general rule, whether the bank is the holder of the note, or merely an agent for collection. — Daniel, Neg. Instr., sections 636, 656, 657; Nichols v. Goldsmith, 7 Wend. 160; Bank of U. S. v. Carneal, 8 U. S. 204; section 5137, Mills’ Ann. Stats.; section 4550 R. S., ’08.
For the reasons given, the judgment is affirmed.

Affirmed,.