# Ernst v. Pike.

(Decided February 4, 1930.)

M. A. GRAY and C. A. BUTCHER for appellant.

W. B. EARLY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee, Pike, sued the appellant, Ernst, for $50, claiming that amount was due him for rent on a house. Ernst denied in the answer that he owed the $50, and set up a counterclaim to the effect that Pike was indebted to him in the sum of $300 for damage done to

his furniture because of a leaky roof. An amended counterclaim was filed in which the alleged damages were itemized. It was alleged that, after Ernst became an occupant of the house, Pike promised and agreed to fix the roof, but failed to do so, and that, because of his failure, the damages were occasioned. There was a jury trial, and the jury returned a verdict for $50 in favor of Pike. Immediately thereafter Ernst moved for a judgment notwithstanding the verdict on the ground that there was no reply filed, and that the allegations in the counterclaim stood admitted. The motion was overruled, and Ernst has brought up the record insisting that the court below erred in not sustaining his motion for a judgment notwithstanding the verdict. Neither the evidence nor the instructions of the court has been brought up with the record.

Appellant relies solely on the provisions of section 386 of the Civil Code of Practice to the effect that a judgment shall be given for the party who is entitled thereto under the pleadings, although there may have been a verdict against him. The provisions of this section of the Code are mandatory, and it has often been held that the party against whom a verdict is returned is entitled to a judgment on the pleadings if the pleadings justify a verdict in his favor. Evans v. Stone, 80 Ky. 78, 3 Ky. Law Rep. 751; Mullikin v. Mullikin, 23 S. W. 352, 25 S. W. 598, 15 Ky. Law Rep. 609.

If, however, a pleading on which the judgment is asked fails to state facts constituting a basis of recovery, a judgment is unauthorized on such pleading, unless its defects are cured by a pleading by the adverse party. Western Life Insurance Company v. Quinn, 130 Ky. 397, 113 S. W. 456. It is the general rule that defective allegations stating a cause of action may be supplied and cured by a pleading filed by the adverse party, and judgments and verdicts which have been rendered upon substantial issues of facts fairly presented by the pleadings shall not be disturbed on account of technical defects which do not go to the merits of the controversy. C. & O. R. Co. v. Thieman, 96 Ky. 507, 29 S. W. 357, 16 Ky. Law Rep. 611.

If the pleading failed to allege matter which is essential to make out a cause of action, the defect is not cured by answer. Drake v. Semonin, 82 Ky. 291, 6 Ky. Law Rep. 341; Bogenschutz v. Smith, 84 Ky. 330, 1 S. W. 578, 8 Ky. Law Rep. 376.

Appellee filed no adverse pleading controverting the allegations found in the counterclaim of appellant. If the allegations in the counterclaim were sufficient to constitute a cause of action in favor of appellant against appellee, his motion for a judgment notwithstanding the verdict should have been sustained, but, if he stated no cause of action, the motion should have been overruled. He attempted to allege his cause of action against appellee by stating that appellee was indebted to him for damages caused through no fault of himself, and that appellee was wholly at fault through his negligence in allowing the roof of the house in which appellant was living to leak and destroy his property. It is also alleged that appellee promised and agreed to repair the roof, and failed to do so.

It is well settled that, in the absence of a statute or contract, it is not the duty of the landlord to repair rented premises. Richmond v. Standard Elkhorn Coal Company, 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423. The pleading of appellant does not contain allegations sufficient to show that there was a contract on the part of appellee to repair the roof. It was held in the cases of Eblin v. Miller's Ex'rs, 78 Ky. 371 and Altsheler & Company v. Conrad, 118 Ky. 647, 82 S. W. 257, 26 Ky. Law Rep. 538, that the promise of a landlord to repair premises occupied by the tenant is without consideration. It is not alleged in the counterclaim that the contract was in writing, or that there was any consideration for the promise.

Moreover, the court is not in a position to say whether any error prejudicial to appellant was committed by the trial court in overruling his motion for a judgment on his counterclaim if his pleading had justified it. Section 126 of the Civil Code of Practice does not allow a judgment by default for value, or amount of damage, without an allegation, or express promise, or statement of facts, showing the implied promise to pay such value or damage. The evidence is not before the court, and it may be that none was introduced to show the amount of damages. It has been held that, where the record shows that a judgment in an action for tort or damages was rendered by default, it cannot be sustained. There must be something in the record showing or from which it may be inferred, that the trial court heard testimony establishing the amount of the damages.

Gould v. Bonds, 64 Ky. (1 Bush) 189; Dehoney v. Sandford, 65 Ky. (2 Bush) 169.

On the record brought up there is nothing to indicate that the trial court erred in overruling the motion for a judgment notwithstanding the verdict.

Judgment affirmed.