## Brewer et al. v. Terrill.
(Decided Dec. 9, 1938.)

E. C. HYDEN for appellants.

WILLIAMS & ALLEN and LEEBURN ALLEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

Appellee, Frank Terrill, brought this suit to enjoin the levy of an execution issued on a judgment of the Wolfe circuit court, and he asked that the judgment be canceled and adjudged void. The petition sets out no facts from which it might be determined that the judgment was not properly entered, but contents itself with the mere conclusion that the judgment is void. Appellants did not demur to the petition, though clearly the allegation was insufficient, but contented themselves with filing an answer in which they simply traversed the conclusion in the petition. The record in the former case was before the chancellor but has not been brought here. We can only speculate, therefore, as to whether or not the court properly determined that its previous judgment should be set aside.

Conceding that the petition was demurrable, yet the appellants joined issue on the defective allegations, and it is apparent that they could not have been misled thereby. In Drake's Administrator v. Semonin & Dixon, 82 Ky. 291, 6 Ky. Law Rep. 341, the rule is thus stated:

"Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict."

The decision of a chancellor on the evidence is entitled, under the circumstances, to the same effect as the verdict of a jury. Newman's Pleading, Practice and Forms, 3rd Ed., sec. 909. We must presume that the evidence presented by the record in the former case authorized the judgment. That record is not before us

and we can only speculate as to its contents from the recitals in appellants' brief.

Of course, the only effect of the judgment in this case is to enjoin the execution and to cancel the judgment in the former case. Appellants are still free to prosecute the former case and, if they can cure the purported defects therein, to recover judgment on their claim.

Judgment affirmed.