Baum vs. Winston.

CASE 32————————SEPTEMBER 22.

# Baum vs. Winston.

**APPEAL FROM MONTGOMERY CIRCUIT COURT.**

In an action for the hire of a slave, the defendant denies that he had any negro of the plaintiff *hired*, as charged in the petition, nor did he *agree* to pay either clothing or hire, and *therefore* denies that he owes plaintiff $140, or any other sum for the *hire* or clothing of said negro as charged; but fails to controvert the allegation that he had the negro in his possession for the year stated and had received the product of his services to the amount or worth stated in the petition and due at the time therein alleged. *Held*—that the effect of the answer is, to deny merely the express contract of hiring, as stated in the petition, and to admit the facts charged, upon which the liability of the defendant to pay the value of the slave's services for the year, arises by implication of law. (*Civil Code, sec.* 153.)

In an action to recover the value of work and labor, the jury have a right, in the absence of all proof of the value of such labor, and from their own knowledge of the ordinary transactions and business of society, and especially from their presumed knowledge of the value of labor, to find a verdict for the price of the work done and for which the action was brought. (1 *J. J. Mar.*, 366.) The principle applies to judges as well as jurors. Where a jury is waived, and the law and facts are submitted to the court, the order of submission clothes the court with all the rights and functions of a jury in determining the facts and in the assessment of damages.

HAZELRIGG, for appellant, cited *Civil Code, sec.* 153; 2 *Met.*, 341; 14 *B. Mon.*, 394; 13 *Ib.*, 330.

MOORE & PORTER, on same side, cited 13 *B. Mon.*, 332; 18 *B. Mon.*, 229; *Civil Code, sec.* 153.

R. APPERSON, JR., for appellee, cited, 1 *Chitty's Pleading*, 10th *Am. Ed.*, 100–1; 1 *Hilliard on Torts*, 44; 2 *Phillips on Ev.*, 115; 1 *J. J. Mar.*, 544; *Civil Code, sec.* 153; 14 *B. Mon.*, 394; 15 *Ib.*, 630; *Hall vs. Porter, MS. opinion, Winter Term,* 1859; 1 *J. J. Mar.*, 366; 2 *J. J. Mar.*, 520.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The *material* allegations of the petition are : That the defendant owed the plaintiff $140 for the hire of her negro man Ed, for the year 1849, (intended doubtless for 1859;) that the defendant had *hired* said negro; that he had said boy in his possession for the term aforesaid, and had and received the product of the boy's service to the amount or worth of $140,

which sum was due 1st January, 1860; and in an amended petition it is alleged that the defendant was to furnish the boy with necessary clothing, which he failed to do, and that the clothing was worth $25.

The defendant, in his answer, denies that he had any negro of the plaintiff *hired*, as charged in the petition; nor did he *agree* to pay either clothing or hire, and *therefore* denies that he owes plaintiff $140, or any other sum, for the *hire* or clothing of said negro as charged. But he wholly fails to controvert, specifically or even generally, the allegation that he had the negro in his possession for the year stated, and had received the product of his services to the amount or worth of $140, which sum was due the 1st January, 1860.

The effect of the answer is to deny merely the express contract of hiring, as stated in the petition, and to admit the facts charged, upon which the liability of the defendant to pay the value of the slave's services for the year arises by implication of law. (*Civil Code, sec.* 153.)

It appears from the record that both parties declined to offer any proof; waived, by consent of the court, their right to a jury to try the cause, and submitted the case "on the law and facts arising on the pleadings." The court rendered a judgment for the plaintiff for $120, and the defendant has appealed.

From the foregoing statement of the pleadings it is clear that the court was bound to regard the defendant as having admitted his implied liability to pay for the services of the slave for the year he had him in possession and received the "*product*" of his services. The value of those services was, therefore, the only question to be considered by the court.

It may be conceded that the statement in the petition as to the "*amount or worth*" of the services was a mere allegation of value, not to be taken as true by the failure to controvert it; and it may be further conceded, that the terms of the consent submission of the cause did not authorize the court to infer that the parties intended or understood the facts relating to the value of the services as constituting a part of "the facts arising on the pleadings," to which the same effect was to be given as to all the other material facts alleged; still we are of opinion

that the record presents no ground upon which this court could pronounce the judgment wrong.

It is clear that the order of submission clothed the court with all the rights and functions of a jury in determining the facts, and in the assessment of damages.   And it has been expressly decided by this court, that in an action of assumpsit for work and labor, the jury have a right, in the absence of all proof of the value of such labor, and from their own knowledge of the ordinary transactions and business of society, and especially from their presumed knowledge of the value of labor, to find a verdict for the price of the work done, and for which the action was brought.   (*Craig vs. Durrett*, 1 *J. J. Mar.*, 366.)   It is said in the opinion that courts must act, if governed by reason and common sense, upon the presumption that jurors are acquainted with the ordinary business of society, and that whenever it can be rationally inferred, from the facts, that the jury could, from such knowledge, come to a correct conclusion as to the amount of damage, their verdicts should not be controlled by the courts, for want of evidence.

This principle, as well as the reasoning in support of it, applies with manifest propriety to the case before us.   Judges, as well as jurors, must be presumed to be acquainted with the ordinary business of the country—especially when invested, as in this case, with the powers and duty of a jury—and there is certainly nothing in the record to authorize the inference that the value of the services sued for, as fixed by the judgment, was the result of any want of such knowledge.

The judgment is therefore affirmed.