CASE 22—PETITION ORDINARY—FEBRUARY 23.

# Mead vs. Nevill.

APPEAL FROM BOURBON CIRCUIT COURT.

If the record of an action for a tort fails to show that the case was heard, or to state anything from which it may be inferred that the court assessed the damages on proof, or if it shows the judgment was by default, it will be reversed.

J. A. PRALL, for appellant, cited 4 *Met.*, 282; 14 *B. Mon.*, 393; 1 *Met.*, 558; *Civ. Code, sec.* 153.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action, brought, not on assumpsit, express or implied, to pay a specified sum in money, but for damages for the tortious breach of a bailment, the circuit court rendered a judgment by default for $200. Had the record recited that the case had been "*heard*," this court might have presumed that the circuit judge heard testimony of value—as adjudged in the manuscript opinion in *Shropshire vs. Porter*. But in this case, as in the case of *Smith vs. Thornton* (1st *Duvall*, 281), there is no such recital—the record showing only that the defendant failed to appear, and that, *thereupon*, judgment was rendered.

On such a record we cannot presume, without any clue, that the amount of damages was proved by testimony; and, therefore, as an unanswered allegation of value or of damages cannot, according to the Code of Practice, be taken for confessed, and this record neither states nor *inferentially* imports that there was any proof, the judgment cannot be sustained, and is consequently reversed, and the cause remanded for further proceedings.