CASE 24—PETITION ORDINARY—JUNE 14.

## Rogers, &c., vs. Aulick.

APPEAL FROM PENDLETON CIRCUIT COURT.

In an action for assault and battery, where the defendant fails to answer, the jury may properly render a verdict for the plaintiff on the undisputed facts alleged in the petition, without extraneous proof.

J. E. RECORDS, for appellant, cited 13 *B. Mon.*, 238; 14 *B. Mon.*, 393; 18 *B. Mon.*, 229.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The only question in this case is, whether, in an action for assault and battery and false imprisonment, the jury, without

any negative answer or extraneous testimony, had a right, simply on the admission, by default, of the alleged facts, to find a verdict for more than nominal damages.

The Code, as often adjudged by this court, requires other proof than the uncontroverted petition, when the value of property is to be assessed.

But this rule has never been extended to an action for indeterminate damages for a tort; and we can see neither authority nor reason for such extension. In all such cases the admission, not of opinions or estimates, but of sufficient facts alleged in the petition, may be equivalent to extrinsic proof of the same facts by witnesses. And why require witnesses to prove uncontested *facts*, constituting an actionable wrong? In this case the alleged assault and battery and false imprisonment were admitted by the default, and to prove them again by witnesses would be useless for any other purpose than to exhibit the wrong in a more dramatic and living form, and thereby make it more impressive and aggravated than its inanimate skeleton in the petition might seem to present it to the calmer eye. And the *defendant* cannot complain that he is confronted by a dead, instead of a living body.

As this conclusion harmonizes with the opinion of the circuit court, the judgment is affirmed.