CASE 83—PETITION ORDINARY—NOVEMBER 30

# Burchett v. Herald, &c.

APPEAL FROM FLOYD CIRCUIT COURT.

JUDGMENT BY DEFAULT—ALLEGATIONS AS TO VALUE.—The allegation in a petition in ejectment as to the amount of the damage sustained by plaintiff by the unlawful detention of possession by defendant can not be taken as true upon the failure of defendant to answer, but in order to authorize judgment for damages evidence must be heard as to the damages sustained.

JAMES GOBLE FOR APPELLANT.

It was error to render judgment by default without proof of the damage alleged. (Civil Code, secs. 126, 379; Daniels v. Judy, 14 B. M., 393; Mead v. Nevil, 2 Duv., 280; Shreve v. Shreve, 2 Met., 339; Clark v. Seaton, 18 B. M., 226; Gould &c. v. Bonds, 1 Bush, 190; Beam v. Hayden, 5 Bush, 427.

WALTER S. HARKINS FOR APPELLEES.

No proof as to the value of the use of the land was required. The

damages alleged are not of the character contemplated by sub-section 4 of section 126 of the Civil Code. (Ragsdale v. Lander, 80 Ky., 61; Harris v. The Merz Architectural Iron Works, 82 Ky., 200.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This suit was filed in the court below by the appellees, who are the children and heirs-at-law of J. W. Herald, deceased, against appellant, seeking to recover a certain tract rendered by default ("the allegations of the petition being their ancestor, and which came to them by inheritance, and of which they charge "that appellant is in the unlawful possession, and that he unlawfully and without right detains the possession from them to their great damage in the sum of one hundred dollars."

On this petition summons was duly issued and served, and, appellant failing to appear and answer, a judgment was and also, without any inquest by jury, or any evidence being taken as true") for the recovery of the land as described, and also, without any inquest by jury or any evidence being heard by the court, for one hundred dollars in damages. A writ of possession was awarded.

The sole question presented by this appeal is whether, on the face of this petition, and on the allegation made as to the damage, the court was authorized to render judgment without evidence either to the court or to a jury for the amount claimed in damages. This question has often been decided by this court in the negative.

This rule has been declared by the court, under section 126, Civil Code. While this section is awkwardly expressed at least, and sometimes we notice it is not correctly quoted, yet, when read correctly and understood, its meaning is that allegations concerning *value*, arising under contract, or the

amount of *damage* claimed or charged to have been sustained in actions sounding in damages, need not be proven, if accompanied by an express promise to pay, or by a statement of facts showing an implied promise to pay such value or damage. In all other cases proof must be heard to authorize a verdict.

An illustration of the statement of facts in reference to value, as raising an implied promise to pay, may be found in the usual action for goods sold and delivered, charged to be at the special instance and request of defendant, and that they were reasonably worth the price charged. Here the law implied the promise to pay, and no evidence to court or jury is necessary to authorize a judgment for the amount claimed.

But in actions in trespass or tort, actions sounding in damages, it is difficult to connect same with any promise to pay, or with such a statement as that the law will imply the promise to pay. The charge throughout is one not resting on contract, express or implied, but in tort, that the defendant is a wrongdoer from the beginning.

In this suit nothing is stated to bring the case within the exception, where allegations of damage may be taken as true and default judgment be rendered without evidence before either court or jury.

This view will be found supported by the cases of Daniel v. Judy, 14 B. M., 316; Mead v. Nevill, 2 Duv., 280; Slone v. Slone, 2 Met., 339; Gould v. Bonds, &c., 1 Bush, 189, and by Mize v. Jackson's adm'x, 17 Ky. Law Rep., 750.

Further elaboration is unnecessary. Wherefore it is adjudged that in so far as the judgment appealed from is rendered for the $100 in damages, the same is reversed, and this cause is remanded for further proceedings consistent with this opinion.