CASE 80.—ACTION BY L. D. KENDRICK AGAINST GEORGE
ADKINS FOR ALIENATING HIS WIFE'S AFFEC-
TIONS.—February 3.

# Adkins v. Kendrick

Appeal from Pike Circuit Court.

A. J. Kirk, Circuit Judge.

Judgment for plaintiff, defendant appeals—Af-
firmed.

1. Pleading—Admissions by Failure to Deny—Assessment of
Damages.—Though by Civil Code Practice, section 126, the
confession of a defendant, by failure to answer after being
summoned, does not go to the extent of admitting the amount
of damages claimed in the petition, plaintiff was entitled, in
an action for alienation of affections, in which defendant,
though duly summoned, filed no answer, to have his damages
assessed by a jury upon the allegations of the petition with-
out introducing any evidence as to such damages, since the
truth of the allegations was admitted by defendant's failure
to answer.

2. Husband and Wife—Alienation of Affections—Damages—Men-
tal Anguish.—In an action for alienation of affections, the
jury, in determining the damages to which plaintiff is entitled,
may take into consideration not only the damage sustained
by plaintiff on account of the loss of his wife's affections and
society, but also the mental anguish and humiliation of feel-
ing caused him by defendant's misconduct.

3. Evidence—Opinion Evidence—Damages.—In an action for
alienation of affections, testimony of witnesses as to the
amount of damages plaintiff should recover are mere expres-
sions of opinion and incompetent.

4. Dismissal and Nonsuit—Voluntary Dismissal—Dismissal as to
One Defendant—Effect.—Where plaintiff in an action other
than one on contract against two defendants, both duly sum-
moned on the same day, dismissed as to one of them, both
defendants being properly before the court at the time of

the dismissal, a recovery against the other at the same term that he dismissed as to the one was not erroneous, notwithstanding the provision of Civil Code Practice, section 363, that the plaintiff, in an action other than one on contract against more than one defendant, can demand a trial · at any time as to a part of defendants only by dismissing on the first day of such term as to the others, since such rule does not apply where the defendants have all been summoned.

J. M. BOWLING, ROSCOE VANOVER and W. C. KAZEE for appellant.

### AUTHORITIES CITED.

Hermann's Extx., 21 Ky. Law Rep. 1396; Marcum v. Potter, 23 Ky. Law Rep. 954; Mize v. Jackson's Admx., 17 Ky. Law Rep. 750; Burchett v. Herald, &c., 17 Wy. Law Rep. 918; Daniel v. Judy, 14 B. M. 303; Clark, &c., v. Seaton, 18 B. M. 229; Mead v. Nevill, 2 Duvall 280.

P. B. STRATTON and M. W. MAYNARD for appellee.

### AUTHORITIES CITED.

Civil Code, sec. 126, subsec. 4; Clarke v. Seaton, 18 B. Mon. 229; Judy v. Daniel, 14 B. Mon. —; Rogers, &c., v. Aulick, 2 Duvall 419; Banmeister, &c., v. Markham, 101 Ky. 122, 39 S. W. 844.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

Appellee, in an action instituted in the Pike circuit court, recovered of the appellant a verdict and judgment of $5,000 in damages for the alleniation of his wife's affections and causing her to desert him. After obtaining a judgment appellee caused an execution to be issued thereon directed to the sheriff of Pike county, which was returned, "No property found." Shortly thereafter a second execution was issued upon the judgment, which was directed to the sheriff of Boyd county, where appellant was then residing.

The last execution was levied by the sheriff of Boyd county upon a tract of land situated in that county of which appellee was the owner. Following the levy of this execution, appellant instituted the present action against appellee in the Pike circuit court seeking to set aside the verdict and judgment appellee had previously obtained against him and to secure a new trial. At the time of bringing the action appellant obtained an injunction whereby the sheriff of Boyd county was restrained from advertising and selling the land under appellee's execution. Appellee filed a demurrer to the petition, which the circuit court sustained, and, appellant refusing to plead further, judgment was entered dissolving the injunction and dismissing the action. This appeal presents for review the action of the circuit court in sustaining the demurrer and dismissing the petition.

The petition of appellant contained two grounds for setting aside the judgment in the first action: (1) That the court erred in permitting the case to go to the jury and in allowing them to return a verdict against him in appellee's favor for damages, without any proof showing that appellee had been damaged by the acts of appellant complained of, or the amount thereof; (2) that as appellee, on a previous day of that term of the court, dismissed the petition as to another defendant jointly sued with appellant, it was error for the court to permit a trial and recovery as to appellant at the same term. We do not regard either of the grounds upon which appellant demands the vacation of the judgment tenable. The action was one in which appellee sought to recover for the loss of the affection and companionship of his wife, caused, as alleged, by the wrongful acts and conduct of appellant. Appellant, though duly summoned, did

not file answer to the petition. Any number of witnesses introduced by appellee could have made no stronger proof of appellant's guilt than was furnished by his failure to deny the facts alleged in the petition, for such failure was a confession on his part of their truth. In other words, in failing to file an answer and by leaving undenied the statements of the petition, appellant confessed that his wrongful acts and conduct had caused appellee the loss of his wife's affections and companionship, and that he had thereby been injured and damaged. The confession did not, it is true, go to the extent of admitting the amount of damages claimed in the petition. This was forbidden by section 126 of the Civil Code of Practice; but it admitted all the facts alleged from which more than nominal damages could be inferred, and, the jury being authorized to do more than find nominal damages, there was nothing to prevent them from giving the full amount claimed in the petition. From the facts admitted by appellant's failure to answer and his absence at and during the trial, the jury were authorized to believe, not only that he could not truthfully deny the charges made against him in the petition, but also that he was without the courage to face the man whom he had wronged or the community in which the wrong had been perpetrated. The jury had a right, in arriving at a verdict, to take into consideration not only the damage sustained by plaintiff on account of the loss of his wife's affection and society, but also the mental anguish and humiliation of feeling caused him by the misconduct of appellant in the particulars complained of. Some wrongs are so flagrant and notorious that they manifest themselves, and when once manifested the evil and injurious consequences that attend and flow

Adkins v. Kendrick.

from them are self-evident, and therefore seen and known of all. In showing his right to recover of appellant, appellee might have introduced evidence, but had no need of it. Witnesses would not have been allowed to state what amount of damages he should recover, as such statements would have been mere expressions of opinion, and therefore incompetent. Their testimony with respect to the wrongful acts of appellant resulting in injury to appellee was not required, for the facts were already stated in the petition and confessed by the failure of appellant to deny them by answer. It is patent therefore that the jury had before them the necessary facts from which by rational inference they could arrive at the amount of damages to which appellee was entitled, and, this being true, we do not feel authorized to disturb the verdict for want of evidence, nor do we think it was returned in a manner forbidden by section 126 of the Civil Code of Practice.

In the case of Baum v. Winston, 60 Ky. 127, the court had under consideration the right of the circuit court (a trial by jury having been waived by the parties), in an action of assumpsit for work and labor, to determine, in the absence of a denial by the defendant and without proof by the plaintiff, the value of the latter's labor, and it was held, notwithstanding section 153, Civ. Code, which was substantially the same as section 126 of the present Code, that the circuit court had such right; the court saying: "It may be conceded that the statement in the petition as to the 'amount or worth' of the services was a mere allegation of value, not to be taken as true by the failure to controvert it; and it may be further conceded that the terms of the consent submission of the cause did not authorize the court to

infer that the parties intended or understood the facts relating to the value of the services as constituting a part of 'the facts arising on the pleadings,' to which the same effect was to be given as to all the other material facts alleged. Still we are of opinion that the record presents no ground upon which this court could pronounce the judgment wrong. It is clear that the order of submission clothed the court with all the right and functions of a jury in determining the facts and in the assessment of damages, and it has been expressly decided by this court that, in an action of assumpsit for work and labor, the jury have a right, in the absence of all proof of the value of such labor, and from their own knowledge of the ordinary transactions and business of society, and especially from their presumed knowledge of the value of labor, to find a verdict for the price of the work done, and for which the action was brought. Craig v. Durrett, 1 J. J. Marsh. 366, 19 Am. Dec. 103. It is said in the opinion that courts must act, if governed by reason and common sense, upon the presumption that jurors are acquainted with the ordinary business of society, and that whenever it can be rationally inferred from the facts that the jury could, from such knowledge, come to a correct conclusion as to the amount of damage, their verdicts should not be controlled by the courts for want of evidence.''

In Rogers v. Aulick, 63 Ky. 419, the question was whether, in an action for assault and battery and false imprisonment, the jury, in the absence of an answer and without extraneous evidence, had a right simply on the admission by default of the alleged facts to find a verdict for more than nominal damages. The court in that case, speaking through

Judge Robertson, said: "The Code, as often adjudged by this court, requires other proof than the uncontroverted petition, when the value of property is to be assessed, but this rule has never been extended to an action for indeterminate damages for a tort, and we can see neither authority nor reason for such extension. In such cases the admission, not of opinions or estimates, but of sufficient facts alleged in the petition, may be equivalent to extrinsic proof of the same facts by witnesses, and why require witnesses to prove uncontested facts, constituting an actionable wrong? In this case the alleged assault and battery and false imprisonment were admitted by the default, and to prove them again by witnesses would be useless for any other purpose than to exhibit the wrong in a more dramatic and living form, and thereby make it more impressive and aggravated than its inanimate skeleton in the petition might seem to present to the calmer eye, and the defendant cannot complain that he is confronted by a dead, instead of a living body."

The cases, supra, seem to us to fully refute appellant's first contention and sustain the judgment of the circuit court. It will be found from an examination of the cases cited by counsel for appellant that they do not conflict with, and can be readily distinguished from, those from which we have quoted. In such of these as this court refused to let the judgments stand, they were rendered by default and entered by the court, without an assessment of damages by a jury, or the character of the cases was such that the court or jury could not, by rational inference, arrive with reasonable certainty or justice at the amount of damages allowable without extraneous evidence; the value of property being involved.

But little discussion of appellant's second con-tention will be required. It is based upon section 363, Civ. Code Prac., which, in substance, provides that the plaintiff, in an action other than on contract, against more than one defendant, can demand a trial at any time, as to a part of the defendants, only by dismissing on the first day of such term as to the others. It has been held by this court that the rule prescribed by this section does not apply where the defendants have all been summoned. Baumeister v. Markham, 101 Ky. 122, 39 S. W. 844, 19 Ky. Law Rep. 308, 41 S. W. 816, 72 Am. St. Rep. 397. Section 373 authorized the judgment appellee recovered against appellant. Nancy Kendrick was sued with appellant in the original action, and the action was dismissed as to her at the same term at which the trial as to appellant took place; but she was duly summoned on the same day appellant was summoned, and both were properly before the court when the action was dismissed as to her. Consequently, no error was committed in proceeding with the trial as to appellant.

In instructing the jury that appellant's failure to answer appellee's petition amounted to a confession of the facts alleged therein and allowing them to return a verdict for damages in appellee's favor, without proof, it is manifest that the court followed the practice permissible in such a case as it had before it.

Being of the opinion that the circuit court did not err in any of the particulars complained of, the judgment is affirmed.