## Simpson v. Shirley.

(Decided October 26, 1923.)

### Appeals from Barren Circuit Court (Four Appeals, Same Style).

1. New Trial—Cannot be Granted on Application Made After Term Because of Assessment of Damages Without Proof, when Applicant had Notice During Term.—In view of Civil Code of Practice, section 344, a new trial cannot be granted on application made after the term, under section 518, subd. 1, on the ground that damages were assessed without proof, where the applicant had notice of the judgment in time to move during the term.

2.  Appeal and Error—Judgments Not Reversed, Where no Excep-
    tions Taken Thereto and no Motion for New Trial Made.—Judg-
    ment entered after default of defendant cannot be reversed where
    no exception was taken to it and no motion for new trial was
    made, though action was brought after term for new trial under
    Civil Code of Practice, section 518.

3.  Appeal and Error—Matters Reviewable in Absence of Motion for
    New Trial.—In the absence of a motion for a new trial, the only
    question that may be considered on appeal is whether the plead-
    ings sustain the judgment.

MILTON CLARK for appellant.

V. H. BAIRD for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—On four
appeals affirming.

In February, 1921, Juda Shirley filed two separate
actions against Willie Simpson, in the Barren circuit
court, in one of which she sought to recover $5,000.00
damages for slander, and in the other the value of certain
personal property belonging to her which she alleged the
defendant had converted and sold. Simpson was served
with process in each case, but failed to answer. On
March 22, 1921, at the regular term of the Barren circuit
court, the averments of the petitions were taken for con-
fessed, and without the introduction of proof the cases
were submitted to a jury, resulting in judgments for
plaintiff for $1,000.00 in the slander suit and $348.00 in
the case involving the conversion of personal property.
Some time after the expiration of that term of court the
defendant filed two separate actions in the Barren circuit
court, under section 518 of the Civil Code, seeking a new
trial in each of the cases referred to. The grounds of his
actions were fraud practiced by the successful party in
obtaining the judgments, unavoidable casualty and mis-
fortune preventing him from appearing and defending
the cases, and error of the court in authorizing the jury
to find more than nominal damages in the absence of
proof showing actual damage.

On the first two grounds mentioned issue was joined
and the cases tried, with the result that judgments were
entered dismissing them. An appeal has been taken from
the order dismissing the action for a new trial in the
slander suit and also from the original judgment in that
suit; and motions have been made for an appeal from the

original judgment in the suit involving the conversion of property and from the judgment denying a new trial in that action. The four proceedings have been consolidated and heard together in this court and will be disposed of in one opinion.

A bill of exceptions containing the evidence in narrative form in the suits to vacate the former judgments was filed in the lower court and has been brought to this court. The trial court found the facts as follows: First, that neither defendant nor her counsel practiced any fraud on the plaintiff in obtaining the judgments sought to be vacated; second, that plaintiff was not prevented by unavoidable casualty and misfortune from appearing and defending the original actions; and, third, that he had sufficient notice of the rendition of the judgments in those actions to have moved the court to set them aside and grant new trials at the term at which they were entered. In our opinion the evidence sustains these findings of fact.

Section 518 of the Civil Code gives to the trial court, after the expiration of a term, the power to vacate or modify a judgment for fraud practiced by the successful party, or for unavoidable casualty and misfortune preventing the losing party from appearing and defending the suit. These, as we have seen, are two of the grounds relied on for a new trial, but, as we have further seen, the court found that neither cause existed, and that finding is sustained by the evidence. The other ground advanced is error occurring on the trial arising, as claimed, from the submission of the cases for the assessment of damages on the averments of the petitions without the introduction of proof.

It is contended on the authority of subsection 4 of section 126 of the Civil Code, as construed by this court in Burchett v. Herald, etc., 98 Ky. 530, Justice, etc. v. Boggs, etc., 31 Ky. Law Rep. 465, and Hermann's, Exctrx., etc. v. Martin, 107 Ky. 642, that in a case of this character, where there is no evidence introduced to sustain the claim of damages, it is error to render judgment for more than nominal damages; and further, that such error authorizes the granting of a new trial under subsection 1 of section 518 of the Civil Code. On the other hand appellee contends that section 126 of the Code does not inhibit a jury in a case of this kind from rendering a substantial verdict on the facts alleged in the petition without extrane-

ous proof, and relies on Rogers, etc. v. Aulick, 63 Ky. 419; Adkins v. Kendrick, 131 Ky. 779; and Carter Coal Co. v. Bays, 183 Ky. 29.

There is undoubtedly some confusion and seeming conflict in the decisions of this court in respect to the contentions just mentioned. But we do not regard it necessary to decide the point or to review the cases cited, for the right to raise the question in a suit for a new trial, if it exists at all, is drawn from subsection 1 of section 518 of the Civil Code. That provision authorizes the granting of a new trial for the cause and in the manner prescribed in section 344, which provides: "if grounds for a new trial be discovered after the term at which the verdict or decision is rendered, the application may be made by a petition filed with the clerk not later than the second term after the discovery, etc." It is extremely doubtful that an error occurring on and readily discoverable at the trial could be said to be a ground for a new trial "discovered after the term." But aside from that question, a condition precedent to the exercise of the power conferred by this provision is the discovery of the ground "after the term at which the decision or verdict is rendered," and this necessarily means that in the exercise of ordinary care it was not and could not have been discovered during the term. In these cases the court found as a fact that appellant had notice of the judgments in which the error appears, if any there was, in ample time to have moved the court to set aside the judgments and grant new trials at the term at which they were rendered. In view of that fact appellant cannot claim that the assessment of damages without proof thereof is ground for a new trial under subsection 1 of section 518 of the Civil Code.

Neither can this court reverse the judgments rendered in the original actions, for the obvious reason that no exceptions were taken to the judgments in those cases, and no motions for new trials were made. We have often held that in the absence of a motion for a new trial the only question that may be considered on appeal is whether the pleadings sustain the judgment. Whitmer v. Cardwell, 194 Ky. 351; Young v. North East Coal Company, et al., 194 Ky. 520. The sufficiency of the pleadings in the original actions is not disputed. Hence there is no reason for disturbing the judgments in those cases unless it be on the ground that the trial court erred in

refusing to grant new trials on the petitions therefor. This we have seen did not occur, since none of the grounds was sustained by the proof.

From these conclusions it follows that each of the judgments in respect to the slander suit must be affirmed, and the motions for appeals in the two cases relating to the action for the recovery of damages for the conversion of property are denied and the judgments affirmed.