## Kraft, et al. v. Ballback.

(Decided March 6, 1928.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Third Division).

Judgment.—Where defendants, in personal injury action, after filing answer traversing allegations of petition and amended petition failed to appear in person or by counsel on date set for trial, entry of judgment pro confesso on plaintiff's motion awarding damages, without impaneling of jury or hearing any evidence, and without filing of written consent or giving of oral consent in open court, held erroneous under Civil Code of Practice, sec. 331, in view of section 312 and section 126, subd. 4.

BOLDRICK & GOCKE and W. P. LINCOLN for appellants.

HUBBARD & HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is a personal injury case, and involves questions of practice when the defendant fails to appear at the trial.

Mary C. Ballback instituted the action in the Jefferson circuit court, common pleas division, against Fred Kraft, Frank Kraft, William G. Kraft, and John Henry Kraft to recover substantial damages for a personal injury negligently inflicted upon her while in the employ of the defendants in the Highland Laundry operated by them.

A motion was filed by the defendants to require plaintiff to amplify the allegations of her petition respecting the defective and dangerous condition of the machinery specified in her pleading. An amended petition was voluntarily filed anticipating the requirements of the motion to which a general demurrer was submitted and overruled. Thereupon an answer was filed by defendants traversing the allegations of the petition and amended petition.

The case was assigned for trial on May 10, 1926, and on that date, by agreement of the parties, reassigned for trial on June 16, 1926. On the date set for trial the defendants failed to appear in person or by counsel, and the plaintiff moved the court for a judgment pro confesso, which motion was granted, and a judgment rendered in

favor of the plaintiff. The judgment recites that, "the defendant, having been duly called, and failing to appear in person or by counsel to make a defense to this action, it is considered and adjudged by this court that the plaintiff, Mary C. Ballback, recover of the defendants Fred Kraft, William G. Kraft, and John Henry Kraft, partners, trading and doing business as the Highland Laundry, the sum of $5,000, with interest thereon at the rate of 6 per cent. per annum from June 16, 1926, until paid, and for her costs herein expended, for all of which she may have execution."

The three defendants named in the judgment have prosecuted this appeal, and insist that the court erred in rendering the judgment.

It will be noted that the action was for an injury to the person, and that the record fails to show that a jury was impaneled, or that any evidence was heard, or that any written consent was filed, or any oral consent given in open court and entered on the record.

By the terms of the Civil Code, in an action for an injury to the person, a jury trial may be waived by written consent in person or by attorney filed with the clerk, or by oral consent entered on the record. Civil Code, sec. 331, subsec. 1. Such provision presupposes the presence of both parties and participation by them in the proceedings. When a jury trial is not demanded or is waived, the court is empowered to decide the issues and make such assessment of damages as it would have been the duty of the jury to make, and the finding of the court shall have the same effect as the verdict of the jury would have had. Civil Code, sec. 331, subsec. 2. See, also, section 312, Civil Code. It is apparent that these provisions of the Code were disregarded in this case. The plaintiff did not pursue the course of procedure necessary when the defendant fails to appear at the trial.

It is clear from the Code provision, supra, and a long line of cases decided by this court, that evidence must be heard before the court or jury is authorized to assess damages. Indeed, section 126, subsec. 4, of the Civil Code, provides that allegations concerning the amount of damages not accompanied by an express promise to pay, or by a statement of facts showing an implied promise to pay, must be proven, although not denied; but here the allegations of damage were expressly denied. There is

nothing in the record to indicate that evidence was heard, but the contrary is implicit in the proceedings.

In Burgess v. Jacobs, 14 B. Mon. 517, a similar situation was presented, although the circumstances were somewhat more favorable to uphold the judgment, in that a demurrer had been sustained to the answer and an amended answer had been properly rejected. The court said:

"In this state of the record the rendition of judgment for the sum claimed in the petition as damages, without the intervention of a jury, and without consent, was unauthorized and erroneous."

The provision of the Code then in force was somewhat different from the present one, but the principle was the same.

Again in Clarke v. Seaton, 18 B. Mon. 226, a judgment for damages was rendered by default without the intervention of a jury or the introduction of evidence. The court said:

"A jury was likewise necessary in this case to make the assessment of damage. The action was ex delicto, and in such cases, . . . the intervention of a jury is not dispensed with by a failure of a party to appear at the trial unless with the assent of the the court. . . . Such assent to a waiver of a trial by jury should appear in the entry submitting the facts to the court; or it may be inferred from an entry showing that the court heard the testimony and pronounced judgment thereon; but such inference cannot be indulged where nothing appears but a judgment by default."

In Smith et al. v. Curtis, 1 Duv. 281, the court said:

"Although, . . . the judge might, according to the Code, render judgment without a jury in the absence of any answer" of the defendant, "yet the record should show, as it does not in this case, that he heard evidence as to the extent of damages."

In Mead v. Nevill, 2 Duv. 280, an action for damages, the court rendered a judgment by default; the record showing only that the defendant failed to appear. It was decided that the court could not presume, without

any clue, that the amount of damages was proved by testimony, and, as the record neither stated nor inferentially imported that there was any proof, the judgment could not be sustained. The principle is applied in the following cases: Huston v. Peters, 1 Metc. 558; Skillman v. Muir, 4 Metc. 282; Wood v. Morgan, 6 Bush 507; Burchett v. Herald, 98 Ky. 530, 33 S. W. 85, 17 Ky. Law Rep. 918; Mize v. Jackson, 32 S. W. 467, 17 Ky. Law Rep. 750; Justice v. Boggs, 31 Ky. Law Rep. 465, 102 S. W. 827.

Appellee relies upon Albin Co. v. Ellinger, 103 Ky. 240, 44 S. W. 655, 19 Ky. Law Rep. 1886, and several similar cases, to sustain the judgment. In those cases there were trials by the court in which both parties participated, and, in the absence of a motion for a new trial, or for a separate finding of law and fact, as required by section 332 of the Civil Code, nothing is presented for review in this court, except the sufficiency of the pleadings to support the judgment. Such cases have no application to the question involved here.

It is clear that the judgment in this case did not conform to the requirements of section 331 of the Civil Code, and for that reason was erroneous.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.